AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Virginia

FILED

JUL 17 2018

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| In the Matter of the Seizure of | ) |
| *(Briefly describe the property to be seized)* | ) |
| All Monies & Other Things of Value in | ) |
| Account # 0240438813 at Regions Bank | ) |
| | ) |

Case No. 3 : 18 SW 178

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ___Eastern___ District of ___Virginia___ is subject to forfeiture to the United States of America under ___21___ U.S.C. § ___853___ *(describe the property)*:

All Monies and Other Things of Value in Regions Bank Account # 0240438813 in the Name of J3O Services and Adebayo O. Okedare up to $59,800.

The application is based on these facts:
See attached affidavit incorporated herein by reference.

☐ Continued on the attached sheet.

*Applicant's signature*

Reviewed by AUSA/SAUSA:

Janet Jin Ah Lee

Stuart T. VonCanon     FBI Task Force Officer

*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 18, 2018

/S/

David J. Novak
United States Magistrate Judge

*Judge's signature*

City and state: Richmond, Virginia

Honorable David J. Novak

*Printed name and title*

**FILED UNDER SEAL PURSUANT TO E-GOVERNMENT ACT OF 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF Funds held in Regions Bank Account #0240438813 in the Name of J3O Services and Adebayo O. Okedare up to $59,800. | Case No. |

## AFFIDAVIT IN SUPPORT OF A SEIZURE WARRANT

I, Stuart T. VonCanon, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to seize the account.

2.      I am a Task Force Officer of the Federal Bureau of Investigation (FBI), assigned to the Richmond Division.  I have been employed in this capacity for over three years.  I am currently assigned to the Cyber Squad within the Richmond Division, where I am primarily responsible for the investigation of computer intrusions and cyber-crime matters.  I have received training in the investigation of cases involving computer crime and the use of computers to advance criminal schemes.  As a Task Force Officer of the FBI, I am authorized to investigate crimes involving computer intrusion, intellectual property rights, theft of trade secrets, wire fraud, and the use of public networks to facilitate such schemes.

3.     Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a seizure warrant, this Affidavit does not set forth each and every fact learned by me or observed by me during the course of this investigation.

4.     This Affidavit is submitted pursuant to 18 U.S.C. § 981(b)(3) and 21 U.S.C. § 853(f) in support of an Application for a warrant authorizing the seizure of funds maintained in Regions Bank account #0240438813 in the name of J3O Services and ADEBAYO O. OKEDARE up to $59,800 as property subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2) and 28 U.S.C. § 2461(c) on the grounds that there is probable cause to believe that these funds constitute proceeds fraudulently obtained by ADEBAYO O. OKEDARE using a scheme to defraud various businesses and individuals, including Sentara Healthcare and SunTrust Bank, both located within the Eastern District of Virginia, in violation of 18 U.S.C. §§ 1343 (Wire Fraud) and 1349 (Conspiracy). Additionally, to the extent that the funds presently in the bank account to which the illicit proceeds were transferred are not directly traceable to the violations of 18 U.S.C. §§ 1343 and 1349, they represent identical property found in the same place or account from which the property involved in the offense was removed, within one year, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 984.

5.     In my training and experience, a restraining order would be inadequate to preserve the property for forfeiture for the following reasons:

    a.     Banks and financial institutions may not restrain accounts promptly upon service of a restraining order, affording opportunity for the movement of funds prior to the restraint going into place;

b.    Bank and financial institutions do not always institute procedures that ensure that all personnel are aware that funds maintained in an account are subject to restraint, affording opportunity for movement of the funds;

c.    Bank and financial institution personnel can make mistakes in interpreting or implementing restraining orders, affording the opportunity for the movement of funds; and

d.    Bank and financial institutions may exercise their own right of setoff to satisfy an outstanding debt owed to the bank or financial institution by the account holder.

## DESCRIPTION OF PROPERTY TO BE SEIZED

6.    The funds to be seized are presently maintained in Regions bank account #0240438813 in the name of J3O SERVICES and ADEBAYO O. OKEDARE (DOB */**/1971, SSN ***-**-4151) (hereinafter the "SUBJECT ACCOUNT"), which was opened on or about March 29, 2017. OKEDARE is listed as the sole signatory for the account and his social security number and date of birth, which match those of ADEBAYO OKEDARE as provided above, are contained in the registration for the account. The SUBJECT ACCOUNT is an account under control of OKEDARE into which DEBRA K. MILLER (DOB */**/61, SSN ***-**-5942) transferred funds from Woodforest National Bank account #1241000932, as described in paragraph 16, in or around November 2017.

7.    Woodforest National Bank account #1241000932 (hereinafter "ACCOUNT 0932") is a Woodforest National Bank business account in the name of ACME Real Estate Cleanups, Inc., 11263 E. Miller Lane, Springville, Indiana 47462, and was opened on October 16, 2017. The signature card for the ACCOUNT 0932 contains the name and signature of DEBRA K. MILLER with the title "Incorporator." MILLER is the sole signatory listed on the account. Between

3

November 1, 2017 and November 14, 2017, MILLER withdrew in excess of $70,000 in cash from ACCOUNT 0932 and deposited, at a minimum, $59,800 of those funds into the SUBJECT ACCOUNT under control of OKEDARE.

## PROBABLE CAUSE FOR SEIZURE WARRANT

8.      Since approximately November, 2016, I have been investigating a fraud scheme wherein unknown overseas actors recruit and groom unwitting individuals within the United States for the purpose of accepting and laundering stolen money throughout, and ultimately outside of, the United States.  As part of this scheme, individuals are typically recruited on dating websites such as seniorpeoplemeet.com and plentyoffish.com by way of an actor masquerading as an American working overseas with plans of soon returning home to the United States.  Unsuspecting victims are groomed, over the course of several months to a year, to receive and remit monetary payments from the overseas actor that the victim believes are necessary for the actor to return to the US.  Throughout the scheme, the victim typically believes they are in a legitimate and exclusive relationship with the actor, all the while remaining unaware of the actor's true identity.

9.      At some point between October and December of 2016, a female named DEBRA MILLER (MILLER) responded to an online profile for "GREGORY LYONS" ("LYONS"), an American working overseas in Europe who would soon be returning to the US. MILLER is a US citizen who lives in Indiana and began looking for a relationship on dating websites after she separated from her husband in 2016. Investigations revealed that the account information is inconsistent with the details on the profile page and is not associated with the name "Gregory Lyons."

10.     Between October 2016 and October 2017, MILLER and "LYONS" communicated on a nearly daily basis, most often through text message.  An overwhelming portion of

4

communications between "LYONS" and MILLER revolved around the movement of money from MILLER to "LYONS" and additional persons located in Nigeria.  Money was typically transferred through MoneyGram and Western Union.  In addition to sending funds electronically, MILLER purchased thousands of dollars' worth of electronic goods, which she subsequently mailed to locations in Nigeria.  MILLER was instructed to send the money and electronics to Nigeria by "LYONS" who suggested the items were for his son and his son's friend.

11.    On or about October 30, 2017, MILLER received a $908,597.00 deposit from Sentara Healthcare into ACCOUNT 0932.  The deposit was paid to ACCOUNT 0932 by Sentara Healthcare personnel after an unknown criminal actor electrically submitted a "Sentara Healthcare Vendor ACH Authorization Form" containing the account number, routing number, and bank address for ACCOUNT 0932.  The ACH Authorization Form was completed and submitted by the criminal actor in a way designed to trick Sentara personnel into believing it originated from a local construction company engaged in a project for Sentara Healthcare.  An agreement between Sentara Healthcare and the construction company noted that all payments made for the ongoing construction project would be made solely via check.  By submitting the ACH form, unknown actors were able to circumvent the safeguard of making payments via physical check and orchestrate the payment of $908,597.00 to a bank account under the control of MILLER (ACCOUNT 0932).

12.    By the time $908,597.00 was paid into ACCOUNT 0932, the unknown actors had already been using MILLER to send funds and electronic goods overseas for approximately one year and therefore had a high level of confidence that she would launder the incoming funds as instructed.  ACCOUNT 0932 carried a balance of less than $500 prior to receiving $908,597.00

from Sentara Healthcare. Until ACCOUNT 0932 received the deposit from Sentara Healthcare, the typical deposits into the account average below $500.

13.     Communications between MILLER and LYONS on November 1, 2017, show LYONS stating, "This is the company who paid in Sentara healthcare. Sentara healthcare are the people who paid the money in case they ask u my love good luck." Additional conversations from the same day show LYONS instructing MILLER to wire $97,400 to a separate US bank account as well as instructing MILLER to withdraw $20,000 in cash from ACCOUNT 0932 on that date. Analysis of messages between MILLER and LYONS show approximately 200 messages referencing Regions bank, 11 messages referring to ADEBAYO OKEDARE, and seven messages specifically referring to the SUBJECT ACCOUNT.

14.     During the course of the investigation, this agent has identified ADEBAYO OKEDARE as a native of Nigeria who currently resides in or around the Houston, Texas area. OKEDARE is the subject of other ongoing fraud schemes involving the sending and receiving of large sums of money, through the SUBJECT ACCOUNT, to and from an expansive group of Nigerian nationals, both within and outside of the United States. OKEDARE is currently wanted by Nigerian authorities for wire fraud.

15.     Upon receiving the funds into ACCOUNT 0932, MILLER quickly and deliberately completed five electronic wire transfers totaling $829,000.00 and withdrew approximately $70,000 in cash.

16.     The analysis further shows that between the dates of November 1, 2017 and November 15, 2017, a large portion of the money withdrawn in cash from ACCOUNT 0932 was deposited into the SUBJECT ACCOUNT by MILLER, all of which I believe constitutes the

proceeds fraudulently obtained using a scheme to defraud Sentara Healthcare and SunTrust Bank, in violation of 18 U.S.C. §§ 1343 (Wire Fraud) and 1349 (Conspiracy), as described above.

17.    The analysis further shows that all deposits made by MILLER into the SUBJECT ACCOUNT were made via cash deposits and are detailed as follows:

      i.    November 1, 2017 - $10,000

     ii.    November 2, 2017 - $10,000

    iii.    November 7, 2017 - $7,000

    iv.    November 8, 2017 - $10,000

     v.    November 8, 2017 - $10,000

    vi.    November 13, 2017 - $9,800

   vii.    November 15, 2017 - $3,000

## CONCLUSION

18.     Based on the facts and circumstances set forth above, I submit there is probable cause to believe that ADEBAYO OKEDARE and others engaged in a scheme to defraud in violation of 18 U.S.C. §§ 1343 (Wire Fraud) and 1349 (Conspiracy), and that the funds in the SUBJECT ACCOUNT are funds constituting or derived from proceeds traceable to that scheme and as such are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), and 28 U.S.C. § 2461(c).  To the extent that the funds presently in the SUBJECT ACCOUNT are not directly traceable to such violations, they represent identical property found in the same place or account from which the property involved in the offense was removed, within one year, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 984.  Accordingly, I request that a seizure warrant be issued for the account pursuant to 18 U.S.C. § 981(b)(3) and 21 U.S.C. § 853(f).

Respectfully submitted,

Stuart T. VonCanon
Task Force Officer
Federal Bureau of Investigation

Sworn to and Subscribed before me this _17th_ day of July 2018, in Richmond, Virginia.

/S/
David J. Novak
United States Magistrate Judge
UNITED STATES MAGISTRATE JUDGE

8